## BASKIN, Adm'x., v. SAMPLE.

1. A recovery on a count for money had and received, cannot be had on proof that the administratrix of one executing a receipt for the collection of several claims, paid on demand, one of the claims, and refused further to account or to explain the other items of the receipt.

2. To recover on the money count, it is necessary to prove that the money has been received, or at least some proof must be made from which such an inference can be drawn.

ERROR to the county court of Montgomery.

Assumpsit by the defendant against the plaintiff in error. The declaration contains the money counts.

Upon the trial, the plaintiff offered in evidence the following instrument of writing, proved to have been made by the defendant's intestate.

"Received of J. H. Sample the following claims: James Craw-

ford, for $8 12; Witherington, garnishment, $45 18; one on J. R. Parker, for $40, due the 25th December, 1836, with a credit of $20, April, 1837; one on L. D. Orams, for $6 12, due 1st June, 1837—garnishment March 30, 1838.

P. B. BASKIN, Constable."

The plaintiff also proved, that the receipt was presented to the defendant as administratrix after the death of her intestate, and a settlement demanded; that she settled in full the claim against Witherington, but did not account for any other item in the receipt, and refused to do any thing further in the matter. The defendant offered evidence conducing to prove that Orams and Crawford, named in the receipt, were insolvent; and by Parker, that he was good for the amount named in the receipt, but had no recollection of the claim, and had settled with defendant's intestate, after the date of the receipt, all just claims against him.

The defendant's counsel asked the court to charge, that the plaintiff could not recover in this action unless he proved that defendant's intestate had received the money on the claims put in his hands. The court gave the charge, and charged further, that if the defendant refused to account upon the receipt when presented, and gave no explanation of the disposition of the other claims, that it was *prima facie* evidence that the money was received to the extent of the claims specified in the receipt, unless rebutted by proof of the defendant.

This charge was excepted to, and is now assigned for error.

HAYNE, for plaintiff in error, cited 4 Ala. 505.

HARRIS, *contra*, cited 7th Johns. 132.

ORMOND, J.—To entitle the plaintiff to a recovery in this action upon the count for money had and received, it was necessary to prove to the jury that the money had been collected from the persons named in the receipt. No presumption can arise that the money had been received, because the administratrix refused to account and pay over, or to explain the actual state of the case. No such inference could be drawn from the facts if the presentation had been to the intestate in his life, much less to his administratrix, who may have been entirely ignorant of the facts.

The conduct of the administratrix is perfectly consistent with the insolvency of the persons from whom the money was to have

been collected. But whether they were solvent or insolvent, was unimportant: the fact to be proved was, that the money had been collected from them; or at least some proof must have been offered from which such an inference would arise.

For the error of the court in its charge to the jury, its judgment is reversed, and the cause remanded.